UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **DAN'S MANAGEMENT COMPANY, LLC** *Plaintiff* | : | |
| VS. | : | **C.A. NO. 06-59S** |
| **INFOTROVE, INC.** *Defendant* | : | |

## DEFENDANT'S FIRST AMENDED COUNTERCLAIM

Now comes Defendant/Counterclaim Plaintiff, Infotrove, Inc. ("Infotrove") and hereby states this First Amended Counterclaim against Plaintiff/Counterclaim Defendant, Dan's Management Company, LLC ("Dan's Management") as follows.

### Parties and Jurisdiction

1. Infotrove is a corporation with its principal place of business located in the Town of Westborough, Commonwealth of Massachusetts.

2. Dan's Management is, upon information and belief, a Rhode Island limited liability corporation with a principal place of business in the City of Providence, State of Rhode Island.

3. The amount in controversy between the aforesaid parties exceeds $75,000.

4. There exists complete diversity of citizenship between Counterclaim Plaintiff and Counterclaim Defendant, thus affording jurisdiction under 28 U.S.C. § 1332.

### Facts

5. Dan's Management owns and operates more than thirty (30) Dunkin' Donuts stores in Rhode Island and Connecticut and also operates real estate and construction businesses.

6. Infotrove is a software consulting company owned and operated by Sunil Kadimdiwan, which provides business solutions using Microsoft SQL Server Database technology.

7. In 2004 and 2005, Infotrove provided Dan's Management with three distinct software business solutions.

8. The first software application began in May, 2005, to track purchases, weekend inventory, and sales of Dan's Management. Said system is referred to as a Food Costs Analysis System ("FCAS") which provides business intelligence reporting.

9. Infotrove successfully launched the FCAS system in October of 2004.

10. Dan's Management approved of and accepted the FCAS system from Infotrove.

11. Infotrove has consistently maintained and updated the FCAS, with Dan's Management approval, from its launching in October 2004 up to and including January 10, 2006.

12. In August of 2004, Infotrove began work on the second software application for Dan's Management. This software system, Food Cost Management System ("FCMS"), allows each of the Dunkin' Donuts stores operated by Dan's Management to connect and enter transactions into a central data base.

13. Infotrove successfully installed the FCMS in all of Dan's Management's thirty (30) plus Dunkin' Donuts stores, thereby removing the need to transfer documents between stores and to the central corporate office.

14. Dan's Management has approved of and accepted the FCMS system, as well as updates and upgrades, from Infotrove.

15. In January 2005, Infotrove agreed to replace Dan's Management's existing accounting/payroll system, UNIX, and install an ACCPAC based accounting/payroll system. Infotrove began the third software application project in February of 2005.

16. Each of the aforementioned software solutions (hereinafter, collectively referred to as the "Infotrove Software Solutions") is an original work created solely by Infotrove and is protected by the copyright laws of the United States.

17. Infotrove retained the services of WAC Consulting, which is located in Northborough, Massachusetts, to assist in the ACCPAC application.

18. By June 2005, the ACCPAC application was ready to be delivered to Dan's Management. Initial testing of the solution was completed and was successful. Infotrove intended to install the ACCPAC application for use by Dan's Management.

19. In June 2005, at the time that the ACCPAC application was completed, Richard Michaud, the Treasurer for Dan's Management, notified Infotrove that it wanted to convert Dan's Management payroll data to the new ACCPAC system.

20. Infotrove expressed serious reservations and warnings to Dan's Management about the requested change in the scope of the third project. Specifically, Infotrove warned Dan's Management that a payroll conversion of that magnitude had never been done by Infotrove, WAC, or any other software provider in the ACCPAC community.

21. Infotrove repeated its concerns verbally and in writing to Dan's Management, expressing reservations about inputting historic payroll data for 1,800 plus employees.

22. Due to Infotrove's continued reservations, Dan's Management expressly stated that Infotrove would not be responsible for any errors, delays or other problems encountered in implementing the payroll data.

23. Dan's Management promised that Infotrove would receive a written waiver concerning the payroll conversion for the 1,800 plus employees. However, Dan's Management failed to provide said written waiver.

24. Dan's Management only agreed to provide Infotrove with an additional $6,500 for the extensive change in scope of the ACCPAC assignment.

25. Infotrove and WAC commenced the extensive assignment of converting payroll data for the 1,800 plus employees of Dan's Management. The assignment consumed the months of July, August, September, and October.

26. Throughout the period of the revised ACCPAC project, Dan's Management introduced numerous changes to the ACCPAC assignment.

27. By the end of September 2005, Infotrove and WAC had attempted to convert the payroll data several times. By the end of September 2005, the payroll conversion was completed and the W2 and 941 forms were matched to the former UNIX Reporting System.

28. In October 2005, the payroll hours for all of the employees were being entered at each store electronically, rather than in paper format. The payroll process testing also began in October.

29. By November 2005, Infotrove succeeded in getting the entire payroll functioning to operate for Dan's Management using the ACCPAC system.

30. On November 16, 2005, Infotrove informed Dan's Management that the ACCPAC project, with the numerous scope changes, was now ready for testing.

31. On November 18, 2005, after being notified of the completion of the ACCPAC project, Dan's Management notified Infotrove that it had hired a management consulting company, Purvis Systems, to review all of the work completed by Infotrove.

32. During that same communication, Dan's Management informed Infotrove and WAC to suspend all activities, including its plan to commence the testing of the ACCPAC Solution.

33. On November 19, 2005, Dan's Management contacted Infotrove and indicated that it sought to continue to use Infotrove's services and assured Infotrove that the presence of Purvis Systems was necessary.

34. Upon information and belief, Purvis Systems is a company that specializes in providing emergency equipment and systems, primarily to defense contractors, as well as offering management services.

35. Upon information and belief, Purvis Systems does not concentrate in providing business software solutions similar to the ACCPAC accounting and payroll application.

36. Dan's Management instructed Infotrove to transfer to Purvis Systems all of the business software solutions pursuant to an audit.

37. On or about November 26, 2005, an employee of Purvis Systems, Christopher Michaud, came to the home of the Infotrove president, Sunil Kadimdiwan, to pick up the software and test server relating to the Dan's Management project.

38. Christopher Michaud is the son of Richard Michaud, the Treasurer of Dan's Management.

39. On or about December 6, 2005, Infotrove was contacted by Purvis Systems and informed that Purvis Systems would be completing the ACCPAC System for Dan's Management.

40. Infotrove and Dan's Management engaged in numerous communications throughout December concerning the completion of the ACCPAC project.

41. On December 27, 2005, Dan's Management contacted Infotrove and informed it that Dan's Management did not want Infotrove to complete the ACCPAC project.

42. Throughout this entire period, Infotrove continued to manually update the weekly data for various reports. Infotrove continued to provide this service, despite a lack of payment for said services, up through and including January 10, 2006. The value for this continued maintenance is estimated by Infotrove to be approximately $45,000.

43. Dan's Management owes Infotrove in excess of $34,000 in connection with the ACCPAC software solution project.

44. Infotrove estimates that the revenue to be generated in five (5) years by the Infotrove Software Solutions is within the range of 7.2 million and 13.8 million dollars.

45. Dan's Management promised Infotrove that it would assist Infotrove in the solicitation of other Dunkin' Donuts franchisees for the distribution of the Infotrove Software Solutions.

46. Throughout 2004 and 2005, Dan's Management, through its Treasurer, Richard Michaud, assured Infotrove that such marketing assistance would be provided. In reliance upon these express assurances, Infotrove reduced both the contract price for each of the Infotrove Software Solutions provided to Dan's Management, and also provided additional services to Dan's Management that have a value in excess of $250,000.

47. Infotrove owns all of the software and intellectual property that it developed for Dan's Management in connection with each of the Infotrove Software Solutions provided to Dan's Management.

48. The Infotrove Software Solutions can be used by and sold to other Dunkin' Donuts franchisees and/or similarly operated businesses for a substantial profit.

49. Upon information and belief, Dan's Management intends to market and sell the Infotrove Software Solutions to third parties, including other Dunkin' Donuts franchisees.

50. Throughout the entire period of business dealings between Infotrove and Dan's Management, Dan's Management continually failed to provide Infotrove with accurate information necessary to complete each of the business solution projects. The failure by Dan's Management to provide such accurate data was the direct cause of numerous delays in completing each of the three business software solutions provided by Infotrove.

**COUNT I**
***Breach of Contract (Infotrove Software Solutions)***

51. Counterclaim Plaintiff realleges and incorporates by reference paragraphs 1 through 50 of its Counterclaim as if fully set forth herein.

52. Dan's Management contracted with Infotrove between 2004 and 2005 to provide the three aforementioned Infotrove Software Solutions.

53. Dan's Management denied Infotrove the ability to complete performance on the agreements by first suspending activities with respect to the ACCPAC project for no reason and then by refusing to allow Infotrove to complete performance on the ACCPAC project.

54. Dan's Management denied Infotrove the ability to complete performance on the contract in a timely manner by failing to provide Infotrove with accurate information necessary to do so.

55. Throughout the aforementioned period of time, Dan's Management failed to provide information and documentation necessary for Infotrove to render its services.

56. Counterclaim Plaintiff has suffered losses as a direct and proximate result of Counterclaim Defendant's breach of contract.

57. Counterclaim Plaintiff is entitled to declaratory relief as well as compensatory damages in addition to all other consequential damages for all losses sustained as a result of Dan's Management's breach of contract.

WHEREFORE, Counterclaim Plaintiff Infotrove requests the following relief from this Court:

a. Issue a temporary restraining order, preliminary and permanent injunction against Counterclaim Defendant enjoining Dan's Management, its agents or employees, from using, distributing, altering or copying the software business solutions created by Infotrove;

b. A declaration that Infotrove is the owner of the software business solutions it created for Dan's Management and an order requiring Dan's Management to return the software to Infotrove forthwith;

c. An award of damages sufficient to compensate Infotrove for its losses in connection with Dan's Management's breaches of contract and conversion;

d. An award of damages in an amount reflective of the value of services provided to Dan's Management;

e. An award of Infotrove's costs, expenses and reasonable attorney's fees with respect to the prosecution of this action;

f. An award of punitive damages; and

g. Such other and further relief as this Court deems just, proper and equitable under the circumstances.

**COUNT II**
***Breach of Contract (Marketing Assistance)***

58. Counterclaim Plaintiff realleges and incorporates by reference paragraphs 1 through 57 of its Counterclaim as if fully set forth herein.

59. Dan's Management promised to provide marketing assistance of Infotrove's services to various Dunkin' Donuts franchises. In consideration for said marketing assistance, Infotrove agreed to reduce the contract price for each business solution and provided additional services that have a value in excess of $250,000.

60. Dan's Management has failed to provide the promised marketing assistance and has not reimbursed Infotrove for the value Dan's Management received in consideration for said assistance.

61. Counterclaim Plaintiff has suffered losses as a direct and proximate result of Counterclaim Defendant's breach of contract.

62. Counterclaim Plaintiff is entitled to declaratory relief as well as compensatory damages in addition to all other consequential damages for all losses sustained as a result of Dan's Management's breach of contract.

WHEREFORE, Counterclaim Plaintiff Infotrove requests the following relief from this Court:

a. Issue a temporary restraining order, preliminary and permanent injunction against Counterclaim Defendant enjoining Dan's Management, its agents or employees, from using, distributing, altering or copying the software business solutions created by Infotrove;

b. A declaration that Infotrove is the owner of the software business solutions it created for Dan's Management and an order requiring Dan's Management to return the software to Infotrove forthwith;

c. An award of damages sufficient to compensate Infotrove for its losses in connection with Dan's Management's breaches of contract and conversion;

d. An award of damages in an amount reflective of the value of services provided to Dan's Management;

e. An award of Infotrove's costs, expenses and reasonable attorney's fees with respect to the prosecution of this action;

f. An award of punitive damages; and

g. Such other and further relief as this Court deems just, proper and equitable under the circumstances.

**COUNT III**
***Fraudulent Inducment (Infotrove Business Solutions)***

63. Counterclaim Plaintiff realleges and incorporates by reference paragraphs 1 through 62 of its Counterclaim as if fully set forth herein.

64. Dan's Management represented to Infotrove that it would contract with Infotrove to provide the Infotrove Software Solutions for its various Dunkin Donuts franchise stores and work with Infotrove to market the software to other franchisees.

65. Dan's Management's representations were fraudulent when made and were made with the intent to induce Infotrove to develop the Infotrove Software Solutions, with substantial modifications, at a reduced cost.

66. Infotrove reasonably relied on Dan's Management's representations concerning the contract for the Infotrove Software Solutions and undertook the time consuming project of developing the software to meet Dan Management's needs.

67. Dan's Management's representations to Infotrove were false when made.

68. Counterclaim Plaintiff has suffered losses as a direct and proximate result of Counterclaim Defendant's fraudulent inducement.

69. Counterclaim Plaintiff is entitled to declaratory relief rescinding the contract as well as compensatory damages in addition to all other consequential damages for all losses sustained as a result of Dan's Management's fraudulent inducement.

WHEREFORE, Counterclaim Plaintiff Infotrove requests the following relief from this Court:

a. Issue a temporary restraining order, preliminary and permanent injunction against Counterclaim Defendant enjoining Dan's Management, its agents or employees, from using, distributing, altering or copying the software business solutions created by Infotrove;

b. A declaration that Infotrove is the owner of the software business solutions it created for Dan's Management and an order requiring Dan's Management to return the software to Infotrove forthwith;

c. An award of damages sufficient to compensate Infotrove for its losses in connection with Dan's Management's breaches of contract and conversion;

d. An award of damages in an amount reflective of the value of services provided to Dan's Management;

e. An award of Infotrove's costs, expenses and reasonable attorney's fees with respect to the prosecution of this action;

f. An award of punitive damages; and

g. Such other and further relief as this Court deems just, proper and equitable under the circumstances.

**COUNT IV**
***Breach of Implied Covenant of Good Faith and Fair Dealing(Infotrove Software Solutions)***

70. Counterclaim Plaintiff realleges and incorporates by reference paragraphs 1 through 69 of its Counterclaim as if fully set forth herein.

71. Dan's Management contracted with Infotrove between 2004 and 2005 to provide the three aforementioned Infotrove Software Solutions. Under the terms of these contracts, Dan's Management owed to Infotrove a duty of good faith and fair dealing to perform its obligations to facilitate the completion of the Infotrove Software Solutions.

72. Dan's Management has breached its duty of good faith and fair dealing by denying Infotrove the ability to complete performance on the agreements by first suspending activities with respect to the ACCPAC project for no reason and then by refusing to allow Infotrove to complete performance on the ACCPAC project.

73. Dan's Management has breached its duty of good faith and fair dealing by denying Infotrove the ability to complete performance on the contract in a timely manner by failing to provide Infotrove with accurate information necessary to do so.

74. Dan's Management has breached its duty of good faith and fair dealing by failing to provide information and documentation necessary for Infotrove to render its services.

75. Counterclaim Plaintiff has suffered losses as a direct and proximate result of Counterclaim Defendant's breach of its implied covenant of good faith and fair dealing.

76. Counterclaim Plaintiff is entitled to declaratory relief as well as compensatory damages in addition to all other consequential damages for all losses sustained as a result of Dan's Management's breach of its implied covenant of good faith and fair dealing.

WHEREFORE, Counterclaim Plaintiff Infotrove requests the following relief from this Court:

a. Issue a temporary restraining order, preliminary and permanent injunction against Counterclaim Defendant enjoining Dan's Management, its agents or employees, from using, distributing, altering or copying the software business solutions created by Infotrove;

b. A declaration that Infotrove is the owner of the software business solutions it created for Dan's Management and an order requiring Dan's Management to return the software to Infotrove forthwith;

c. An award of damages sufficient to compensate Infotrove for its losses in connection with Dan's Management's breaches of contract and conversion;

d. An award of damages in an amount reflective of the value of services provided to Dan's Management;

e. An award of Infotrove's costs, expenses and reasonable attorney's fees with respect to the prosecution of this action;

f. An award of punitive damages; and

g. Such other and further relief as this Court deems just, proper and equitable under the circumstances.

**COUNT V**
***Breach of Implied Covenant of Good Faith and Fair Dealing (Marketing Assistance)***

77. Counterclaim Plaintiff realleges and incorporates by reference paragraphs 1 through 76 of its Counterclaim as if fully set forth herein.

78. Dan's Management agreed to provide marketing assistance of Infotrove's services to various Dunkin' Donuts franchises and in return the cost of Infotrove's product development

and related services was reduced. Under the terms of this agreement, Dan's Management owed to Infotrove a duty of good faith and fair dealing to perform its obligations to facilitate the marketing of the Infotrove Software Solutions.

79. Dan's Management has breached its duty of good faith and fair dealing by failing to provide the promised marketing assistance

80. Counterclaim Plaintiff has suffered losses as a direct and proximate result of Counterclaim Defendant's has breach of its implied covenant of duty of good faith and fair dealing.

81. Counterclaim Plaintiff is entitled to declaratory relief as well as compensatory damages in addition to all other consequential damages for all losses sustained as a result of Dan's Management's breach of its implied covenant of duty of good faith and fair dealing.

WHEREFORE, Counterclaim Plaintiff Infotrove requests the following relief from this Court:

a. Issue a temporary restraining order, preliminary and permanent injunction against Counterclaim Defendant enjoining Dan's Management, its agents or employees, from using, distributing, altering or copying the software business solutions created by Infotrove;

b. A declaration that Infotrove is the owner of the software business solutions it created for Dan's Management and an order requiring Dan's Management to return the software to Infotrove forthwith;

c. An award of damages sufficient to compensate Infotrove for its losses in connection with Dan's Management's breaches of contract and conversion;

d. An award of damages in an amount reflective of the value of services provided to Dan's Management;

e. An award of Infotrove's costs, expenses and reasonable attorney's fees with respect to the prosecution of this action;

f. An award of punitive damages; and

g. Such other and further relief as this Court deems just, proper and equitable under the circumstances.

**COUNT VI**
***Quantum Meruit***

82. Counterclaim Plaintiff realleges and incorporates by reference paragraphs 1 through 81 of its Counterclaim as if fully set forth herein.

83. Infotrove conferred valuable services to Dan's Management and such services were accepted by Dan's Management.

84. It would be inequitable for Dan's Management to retain the benefit of such services without paying to Infotrove the full value of such services.

85. Counterclaim Plaintiff is entitled to declaratory relief as well as compensatory damages in addition to all other consequential damages for all losses sustained as a result of Dan's Management's refusal to pay Infotrove the full value for the services.

WHEREFORE, Counterclaim Plaintiff Infotrove requests the following relief from this Court:

a. Issue a temporary restraining order, preliminary and permanent injunction against Counterclaim Defendant enjoining Dan's Management, its agents or employees, from using, distributing, altering or copying the software business solutions created by Infotrove;

b. A declaration that Infotrove is the owner of the software business solutions it created for Dan's Management and an order requiring Dan's Management to return the software to Infotrove forthwith;

c. An award of damages sufficient to compensate Infotrove for its losses in connection with Dan's Management's breaches of contract and conversion;

d. An award of damages in an amount reflective of the value of services provided to Dan's Management;

e. An award of Infotrove's costs, expenses and reasonable attorney's fees with respect to the prosecution of this action;

f. An award of punitive damages; and

g. Such other and further relief as this Court deems just, proper and equitable under the circumstances.

**COUNT VII**
***Tortious Interference with Prospective Contractual Relations***

86. Counterclaim Plaintiff realleges and incorporates by reference paragraphs 1 through 85 of its Counterclaim as if fully set forth herein.

87. Dan's Management was aware that Infotrove intended to pursue professional relationships with other Dunkin' Donuts franchises by offering services similar to those which it had provided to Dan's Management.

88. Upon information and belief, Dan's Management has made intentionally false and malicious statements to these prospective clients with the intention of interfering with Infotrove's prospective contractual relationships.

89. This deliberate and malicious interference with Infotrove's prospective contractual relationships has caused damage to Infotrove and will continue to cause damage should this activity continue.

WHEREFORE, Counterclaim Plaintiff Infotrove requests the following relief from this Court:

a. Issue a temporary restraining order, preliminary and permanent injunction against Counterclaim Defendant enjoining Dan's Management, its agents or employees, from using, distributing, altering or copying the software business solutions created by Infotrove;

b. A declaration that Infotrove is the owner of the software business solutions it created for Dan's Management and an order requiring Dan's Management to return the software to Infotrove forthwith;

c. An award of damages sufficient to compensate Infotrove for its losses in connection with Dan's Management's breaches of contract and conversion;

d. An award of damages in an amount reflective of the value of services provided to Dan's Management;

e. An award of Infotrove's costs, expenses and reasonable attorney's fees with respect to the prosecution of this action;

f. An award of punitive damages; and

g. Such other and further relief as this Court deems just, proper and equitable under the circumstances.

## COUNT VIII
## ***Defamation***

90. Counterclaim Plaintiff realleges and incorporates by reference paragraphs 1 through 89 of its Counterclaim as if fully set forth herein.

91. Upon information and belief, Dan's Management has engaged in communications with other Dunkin Donuts franchisors and franchisees, making intentionally false and defamatory statements about Infotrove, its products and its business.

92. These statements published to third parties by Dan's Management were clearly false and made intentionally, with reckless disregard to whether these statements were true and accurate.

93. As a direct and proximate result of the publications of the false and defamatory statements by Dan's Management, Infotrove has sustained damages to its business and its reputation.

WHEREFORE, Counterclaim Plaintiff Infotrove requests the following relief from this Court:

a. Issue a temporary restraining order, preliminary and permanent injunction against Counterclaim Defendant enjoining Dan's Management, its agents or employees, from using, distributing, altering or copying the software business solutions created by Infotrove;

b. A declaration that Infotrove is the owner of the software business solutions it created for Dan's Management and an order requiring Dan's Management to return the software to Infotrove forthwith;

c. An award of damages sufficient to compensate Infotrove for its losses in connection with Dan's Management's breaches of contract and conversion;

d. An award of damages in an amount reflective of the value of services provided to Dan's Management;

e. An award of Infotrove's costs, expenses and reasonable attorney's fees with respect to the prosecution of this action;

f. An award of punitive damages; and

g. Such other and further relief as this Court deems just, proper and equitable under the circumstances.

**COUNT IX**
***Conversion***

94. Counterclaim Plaintiff realleges and incorporates by reference paragraphs 1 through 93 of its Counterclaim as if fully set forth herein.

95. Dan's Management acquired all of the Infotrove Software Solutions from Infotrove, under the auspices of conducting an audit.

96. Dan's Management has not returned the Infotrove Software Solutions created by and belonging to Infotrove.

97. Dan's Management has appropriated the property of Infotrove.

98. Use by Dan's Management of the Infotrove Software Solutions is in violation of the exclusive ownership rights of Infotrove and any distribution by Dan's Management of the Infotrove Software Solutions to any third party, either directly or indirectly, constitutes a breach of Infotrove's exclusive ownership rights.

99. Upon information and belief, Dan's Management has terminated its relationship with Infotrove for the illegal purposes of using and/or marketing and/or selling and or otherwise distributing the Infotrove Software Solutions to one or more third parties.

100. Counterclaim Plaintiff is entitled to declaratory relief and injunctive relief as well as compensatory damages in addition to all other consequential damages for all losses sustained as a result of Dan's Management's conversion of Infotrove's property.

WHEREFORE, Counterclaim Plaintiff Infotrove requests the following relief from this Court:

a. Issue a temporary restraining order, preliminary and permanent injunction against Counterclaim Defendant enjoining Dan's Management, its agents or employees, from using, distributing, altering or copying the software business solutions created by Infotrove;

b. A declaration that Infotrove is the owner of the software business solutions it created for Dan's Management and an order requiring Dan's Management to return the software to Infotrove forthwith;

c. An award of damages sufficient to compensate Infotrove for its losses in connection with Dan's Management's breaches of contract and conversion;

d. An award of damages in an amount reflective of the value of services provided to Dan's Management;

e. An award of Infotrove's costs, expenses and reasonable attorney's fees with respect to the prosecution of this action;

f. An award of punitive damages; and

g. Such other and further relief as this Court deems just, proper and equitable under the circumstances.

**COUNT V**
***Copyright Infringement***

101. Counterclaim Plaintiff realleges and incorporates by reference paragraphs 1 through 100 of its Counterclaim as if fully set forth herein.

102. Infotrove enjoys exclusive copyright rights in the Infotrove Software Solutions, including but not limited to the right to reproduce and distribute copies of the Infotrove Software Solutions.

103. Use by Dan's Management of the Infotrove Software Solutions constitutes copyright infringement of Infotrove's copyright in the Infotrove Software Solutions and any distribution by Dan's Management of the Infotrove Software Solutions to any third party, either directly or indirectly, constitutes a violation of the copyright laws.

104. Counterclaim Plaintiff is entitled to declaratory relief and injunctive relief as well as compensatory damages in addition to all other consequential damages for all losses sustained as a result of Dan's Management's copyright infringement.

WHEREFORE, Counterclaim Plaintiff Infotrove requests the following relief from this Court:

a. Issue a temporary restraining order, preliminary and permanent injunction against Counterclaim Defendant enjoining Dan's Management, its agents or employees, from using, distributing, altering or copying the software business solutions created by Infotrove;

b. A declaration that Infotrove is the owner of the software business solutions it created for Dan's Management and an order requiring Dan's Management to return the software to Infotrove forthwith;

c. An award of damages sufficient to compensate Infotrove for its losses in connection with Dan's Management's breaches of contract and conversion;

d. An award of damages in an amount reflective of the value of services provided to Dan's Management;

e. An award of Infotrove's costs, expenses and reasonable attorney's fees with respect to the prosecution of this action;

f. An award of punitive damages; and

g. Such other and further relief as this Court deems just, proper and equitable under the circumstances.

**COUNT XI**
***Declaratory Judgment***

105. Counterclaim Plaintiff realleges and incorporates by reference paragraphs 1 through 104 of its Counterclaim as if fully set forth herein.

106. There exists between the parties an actual controversy as to which Infotrove is entitled to a declaration of rights pursuant to 28 U.S.C. §2201, et. seq. that Infotrove is the owner of the business software solutions it created for Dan's Management.

107. Joined as parties are all those persons or entities necessary for a just and complete adjudication of this dispute between Infotrove and Dan's Management.

WHEREFORE, Counterclaim Plaintiff Infotrove requests the following relief from this Court:

a. Issue a temporary restraining order, preliminary and permanent injunction against Counterclaim Defendant enjoining Dan's Management, its agents or employees, from using, distributing, altering or copying the software business solutions created by Infotrove;

b. A declaration that Infotrove is the owner of the software business solutions it created for Dan's Management and an order requiring Dan's Management to return the software to Infotrove forthwith;

c. An award of damages sufficient to compensate Infotrove for its losses in connection with Dan's Management's breaches of contract and conversion;

d. An award of damages in an amount reflective of the value of services provided to Dan's Management;

e. An award of Infotrove's costs, expenses and reasonable attorney's fees with respect to the prosecution of this action;

f. An award of punitive damages; and

g. Such other and further relief as this Court deems just, proper and equitable under the circumstances.

Defendant/Counterclaim Plaintiff,
Infotrove, Inc.
By its Attorneys,

Matthew T. Oliverio, Esquire (#3372)
Raymond A. Marcaccio, Esquire (#3569)
OLIVERIO & MARCACCIO LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax

**COUNTERCLAIM PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *DEFENDANT'S FIRST AMENDED COUNTERCLAIM* was mailed, postage prepaid, to Lawrence P. McCarthy, Esquire and Peter E. Garvey, Esquire, HIGGINS CAVANAGH & COONEY, LLP, 123 Dyer Street, Providence, RI 02903 on the 15th day of March, 2006.