UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAN'S MANAGEMENT COMPANY, LLC.

VS. C.A. NO. 06-59S

INFOTROVE, INC.

**PLAINTIFF'S REPLY TO DEFENDANT'S FIRST AMENDED COUNTERCLAIM**

Plaintiff, Counterclaim Defendant, Dan's Management Company, LLC ("Dan's Management"), hereby replies to the Defendant, Counterclaim Plaintiff, Infotrove, Inc. ("Infotrove") First Amended Counterclaim as follows:

Parties and Jurisdiction

1-4 Admitted.

5. Denied.

6. Dan's Management is without knowledge or information sufficient to admit or deny the allegation contained in Paragraph 6 of the First Amended Counterclaim; thereby denying the same.

7-16 Denied.

17. Dan's Management is without knowledge or information sufficient to admit or deny the allegation contained in Paragraph 17 of the First Amended Counterclaim; thereby denying the same.

18-33 Denied.

34. Dan's Management is without knowledge or information sufficient to admit or deny the allegation contained in Paragraph 34 of the First Amended Counterclaim; thereby denying the same.

35. Dan's Management is without knowledge or information sufficient to admit or deny the allegation contained in Paragraph 35 of the First Amended Counterclaim; thereby denying the same.

36. Denied.

37. Dan's Management only admits that Mr. Michael retrieved the test server which was the property of Dan's Management. The remainder of the allegation is denied.

38. Admitted.

39. Dan's Management is without knowledge or information sufficient to admit or deny the allegation contained in Paragraph 39 of the First Amended Counterclaim; thereby denying the same.

40- 50 Denied.

**COUNT I**

Breach of Contract (Infotrove Software Solutions)

51. Dan's Management realleges and incorporates by reference its answers to Paragraphs 1 through 50 to the First Amended Counterclaim as if fully set forth herein.

52-57 Denied.

**COUNT II**

Breach of Contract (Marketing Assistance)

58. Dan's Management realleges and incorporates by reference its answers to Paragraphs 1 through 57 to the First Amended Counterclaim as if fully set forth herein.

59-62 Denied.

**COUNT III**

Fraudulent Inducment (Infotrove Business Solutions)

63. Dan's Management realleges and incorporates by reference its answers to Paragraphs 1 through 62 to the First Amended Counterclaim as if fully set forth herein.

64-69 Denied.

**COUNT IV**

Breach of Implied Covenant of Good Faith and Fair Dealing (Infotrove Software Solutions)

70. Dan's Management realleges and incorporates by reference its answers to Paragraphs 1 through 69 to the First Amended Counterclaim as if fully set forth herein.

71-76 Denied.

**COUNT V**

Breach of Implied Covenant of Good Faith and Fair Dealing (Marketing Assistance)

77. Dan's Management realleges and incorporates by reference its answers to Paragraphs 1 through 76 to the First Amended Counterclaim as if fully set forth herein.

78-81 Denied.

**COUNT VI**

Quantum Meruit

82. Dan's Management realleges and incorporates by reference its answers to Paragraphs 1 through 81 to the First Amended Counterclaim as if fully set forth herein.

83-85 Denied.

**COUNT VII**

Tortious Interference with Prospective Contractual Relations

86. Dan's Management realleges and incorporates by reference its answers to Paragraphs 1 through 85 to the First Amended Counterclaim as if fully set forth herein.

87-89 Denied.

**COUNT VIII**

Defamation

90. Dan's Management realleges and incorporates by reference its answers to Paragraphs 1 through 89 to the First Amended Counterclaim as if fully set forth herein.

91-93 Denied.

**COUNT IX**

Conversion

94. Dan's Management realleges and incorporates by reference its answers to Paragraphs 1 through 93 to the First Amended Counterclaim as if fully set forth herein.

95-100 Denied.

**COUNT V**
Copyright Infringement

101. Dan's Management realleges and incorporates by reference its answers to Paragraphs 1 through 100 to the First Amended Counterclaim as if fully set forth herein.

102-104 Denied.

**COUNT XI**
Declaratory Judgment

105. Dan's Management realleges and incorporates by reference its answers to Paragraphs 1 through 104 to the First Amended Counterclaim as if fully set forth herein.

106-107 Denied.

WHEREFORE, Counterclaim Defendant Dan's Management, demands judgment against Infotrove, Inc. plus interest, costs and attorney's fees.

First Affirmative Defense

Dan's Management affirmatively pleads the defense of accord and satisfaction.

Second Affirmative Defense

Dan's Management affirmatively pleads the defense of license.

Third Affirmative Defense

Dan's Management affirmatively pleads the defense of payment.

Fourth Affirmative Defense

Dan's Management affirmatively pleads that the counterclaim fails to state a claim against Dan's Management upon which relief can be granted.

Fifth Affirmative Defense

Dan's Management affirmatively pleads the defense that Infotrove lacks standing to maintain the copyright infringement claim in the counterclaim.

Sixth Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts, in the alternative, that the United States Copyright Act preempts Infotrove's state law claims.

Seventh Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts, in the alternative, that the claims set forth in the counterclaim are barred by the misrepresentation and conduct of Infotrove.

Eighth Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts, in the alternative, that the claims set forth in the counterclaim are barred by the First Sale Doctrine.

Ninth Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts, in the alternative, that the claims set forth in the counterclaim are barred by the Doctrine of Fair Use.

Tenth Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts, in the alternative, that the claims set forth in the counterclaim are barred by Dan's Management's legal use of and entitlement to the software.

Eleventh Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts, in the alternative, that Infotrove has waived, licensed, abandoned or forfeited any rights held under the Copyright Act.

Twelfth Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts, in the alternative, that Infotrove is not the owner of any original or copyrighted work.

Thirteenth Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts, in the alternative, that all rights in the software were paid for by Dan's Management and transferred by Infotrove to Dan's Management.

Fourteenth Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts, in the alternative, that the claims set forth in the counterclaim are barred by the defense of permission.

Fifteenth Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts, in the alternative, that some or all of the works of which Infotrove claims to have a copyright are not entitled to protection because they do not fall within the subject matter of copyright.

Sixteenth Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts, in the alternative, that it has innocent intent within the scope of 17 USC §504 of the Copyright Act.

Seventeenth Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts, in the alternative, that Infotrove's copyright claims are barred, in whole or in part, by 17 USC §117 of the Copyright Act.

Eighteenth Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management affirmatively asserts, in the alternative, the defense that it was a value added licensee with the authority to modify or service the software and thus had rightful access to the human readable source code.

Nineteenth Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts, in the alternative, the defense that Infotrove illegally deactivated the software causing disruption and harm to Dan's Management.

Twentieth Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts, in the alternative, the defense that the software created by Infotrove did not function as specified.

Twenty-First Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts, in the alternative, the defense that title and ownership of the software passed to Dan's Management from Infotrove upon the purchase of the software.

Twenty-Second Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts, in the alternative, the defense that the use of the software was with permission.

Twenty-Third Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management asserts the affirmative defense, in the alternative, that the subject matter of the software produced by Infotrove was not original work.

Twenty-Fourth Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the counterclaim, Dan's Management the affirmative defense, in the alternative, that Infotrove was not the author of the software.

Twenty-Fifth Affirmative Defense

Without admitting the validity of the copyright infringement claim set forth in the Counterclaim, Dan's Management affirmatively asserts, in the alternative, the defense that Infrotrove is estopped from asserting such claim.

Twenty-Sixth Affirmative Defense

Without admitting the validity of the defamation claim set forth in the Counterclaim, Dan's Management asserts, in the alternative, the defense of qualified privilege.

Twenty-Seventh Affirmative Defense

Without admitting the validity of the defamation claim set forth in the Counterclaim, Dan's Management asserts, in the alternative, the defense of truth.

Twenty-Eighth Affirmative Defense

Without admitting the validity of the conversion claim set forth in the Counterclaim, Dan's Management asserts, in the alternative, the defense of qualified refusal.

Plaintiff, Counterclaim Defendant
Dan's Management Company, LLC.
by its attorneys,
HIGGINS, CAVANAGH & COONEY, LLP

Lawrence P. McCarthy, III, Esq. (#2860)
Peter E. Garvey, Esq. (#5330)
123 Dyer Street, 4th Floor
Providence, RI 02903
(401) 272-3500
(401) 273-8780 (Fax)

Plaintiff, Counterclaim Defendant, Dan's Management Company, LLC hereby demands a trial by jury on all issues so triable.

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed on this 1st day of ~~April~~ May 2006 to:

Matthew T. Oliverio, Esq.
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903