**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DAN'S MANAGEMENT COMPANY, LLC,** *Plaintiff* | : | |
| **VS.** | : | **C.A. NO. 06-59S** |
| **INFOTROV, INC.,** *Defendant* | : | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

In accordance with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, DAN'S MANAGEMENT CO., propounds the following interrogatories to be answered by the Defendant INFOTROV, INC., within thirty (30) days of the date of service of these interrogatories. These interrogatories shall be deemed continuing so as to require supplemental answers if any further information is obtained between the time the answers are served and the time of trial.

## INSTRUCTIONS

1. Answers to these interrogatories are to be based on all information, in whatever form or from whatever source that is available to you. Please make diligent inquiry of any and all persons, documents and other sources who or which may have any information relating in any way to any of these interrogatories.

2. When exact information is not available in responding to an interrogatory, please use or provide the best estimate that is available. Please designate any estimate so used or provided as such and state the basis, source or other derivation of such estimate.

3. When requested herein to state the basis for a particular claim, conclusion, assertion, allegation, or contention: (1) state separately each and every fact, or application of law to fact, now known to or believed by you or as to that you have information, whether or not first-hand, which forms any part of the source of your information regarding the claim, conclusion, assertion, allegation or contention and, (2) identify each and every document which reflects or relates to the particular claim, conclusion, assertion, allegation, or contention.

4. If any interrogatory is objected to on the ground of a claim of privilege, please state the nature of the claimed privilege and the basis therefor, and answer the interrogatory to the fullest extent possible without waiving said claim of privilege.

## DEFINITIONS

1. "Contract" means any agreement, promise or understanding, express or implied, between the parties to this matter.

2. "Communication" means any oral, written, telephonic, electronic or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, question, command, interjection, suggestive conduct, statement of any nature, any conversation (whether by telephone, electronic mail or otherwise) or meeting.

3. "Complaint" means the complaint filed in this matter by the Plaintiff.

4. "Counterclaim" means the First Amended Counterclaim filed in this matter by the defendant.

4. "Correspondence" means any written, oral, telephonic, electronic or other transmission of fact, information or opinion.

5. "Document(s)" is used in the broad sense and includes any kind of written, printed or graphic matter, however produced or reproduced of any kind or description, whether sent or received or neither, including originals, copies and drafts of both sides thereof and including but no limited to: email, catalogs, papers, books, notices, graphs, sketches, accounts letters, photographs, objects, tangible things, correspondence, telegrams memoranda, notes, drafts of any documents, working papers, marginal notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, contracts agreements, ledgers, journals, books or records of account, summaries of account, balance sheets, income statements, checks (front and back) statistical records, desk or pocket calendars, appointment book (including pocket appointment books), diaries, rough or scratch pad notes, lists, tabulations, summaries, sound recordings, computer printouts, advertisements, data processing input or output, microfilms, all other records kept by electronic, photographic or mechanical means and things similar to any of the foregoing.

6. "Food Costs Analysis System (FCAS)" refers to the food costs analysis system described in the Counterclaim.

7. "Food Cost Management System (FCMS)" refers to the food cost management system described in the Counterclaim.

8. "Identify" (with respect to persons), means to give, to the extent known, the person's full name, present or last known address and present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the full name of that person need be listed in subsequent identification of that person.

9. "Identify" (with respect to documents or communications), means to give, to the extent known, the following:

a) type of document or communication;
b) general subject matter;
c) date of the document; and
d) author(s), addresses(s), and recipient(s).

10. "ACCPAC Based Accounting Payroll System (ACCPAC)", refers to the accounting/payroll system described in the Defendant's answer and counter-claim.

11. "Person" means any natural person, corporation, association, firm, partnership, agency, government agency or other business or legal entity, and/or officers, employees, agents, servants, and representatives of such entities.

12. "Infotrov Software Solutions", is defined as described in the Defendant's answer and counterclaim.

13. "Refer or Relate" when used with respect to any given subject, means to consist, constitute, contain, concern, comprise, embody, reflect, identify, state, refer to, relate to, regard, pertain to, deal with, or to have any logical or factual connection whatsoever with that subject.

13. "You", "Your" or "Yourself" refers to the Defendant, Infotrov Inc., its officers, directors and employees.

**INTERROGATORIES**

1. With respect to Your allegation that Dan's Management owns and operates more than thirty (30) Dunkin' Donuts stores in Rhode Island and Connecticut in addition to real estate and construction businesses, as stated in paragraph five (5) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation.

2. With respect to the allegation that You provided three distinct software business solutions to Dan's Management in 2004 and 2005, as stated in paragraph seven (7) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the

facts supporting the allegation;

c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

3. With respect to the allegation that You began work on the FCAS software application, in May 2005, as stated in paragraph eight (8) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

4. With respect to the allegation that You successfully launched the FCAS system in October of 2004, as stated in paragraph nine (9) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

5. With respect to the allegation that Dan's Management approved and accepted the FCAS system from You as stated in paragraph ten (10) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

6. With respect to the allegation that You consistently maintained and updated the FCAS system with the approval of Dan's management from October 2004 through January 10, 2006 as stated in paragraph eleven (11) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to

the allegations and the facts supporting those allegations.

7) With respect to the allegation that You began work on the FCMS software application, in August of 2004, as stated in paragraph twelve (12) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

8. With respect to the allegation that You successfully installed the FCMS system, as stated in paragraph thirteen (13) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

9. With respect to the allegation that Dan's Management approved and accepted the FCMS system as well as updates and upgrades as stated in paragraph fourteen (14) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

10. With respect to the allegation that You agreed to replace Dan's Management's existing accounting/payroll system, Unix, with an ACCPAC based system, in January 2005, and that work began on this replacement in February 2005, as stated in paragraph fifteen (15) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to

the allegations and the facts supporting those allegations.

11. With respect to the allegation that Your software solutions are original work created solely by You and subject to the copyright laws of the United States as stated in stated in paragraph sixteen (16) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

12. With respect to the allegation that You retained the consulting services of WAC Consulting, Inc. (WAC), regarding the ACCPAC system application as stated in paragraph seventeen (17) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.
d) Identify by time and date the period in which You consulted with WAC on the ACCPAC system and on any other system related to Dan's Management;
e) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document produced by WAC as part of its consulting with You on any matter related to Dan's Management.

13. With respect to the allegation that the ACCPAC system was successfully tested and ready to be delivered to Dan's Management in June 2005 and that You intended to make such delivery as stated in paragraph eighteen (18) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

14. With respect to the allegation that Richard Michaud notified You that Dan's Management desired to have its payroll data converted to the ACCPAC system in June of 2005 as stated in paragraph nineteen (19) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

15. With respect to the allegation that You expressed reservations and warnings to Dan's Management concerning the scope of the ACCPAC conversion and specifically warned that such a conversion had never been done by You, WAC or any ACCPAC provider as stated in paragraph twenty (20) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations;
d) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document by which You notified Dan's Management about any specific warning.

16. With respect to the allegation that You repeatedly expressed concerns verbally and in writing to Dan's Management and expressed reservations about imputing data for 1,800 plus employees as stated in paragraph twenty-one (21) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations;
d) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document by which You notified Dan's Management about any such reservation.

17. With respect to the allegation that Dan's Management expressly stated that You would not be responsible for any errors, delays or other problems encountered in implementing the payroll data as stated in paragraph twenty-two (22) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the

facts supporting the allegation;

c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

18. With respect to the allegation that Dan's Management promised that You would receive a written waiver concerning the payroll conversion, as stated in paragraph twenty-three (23) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

19. With respect to the allegation that Dan's Management only agreed to provide You with an additional $6,500 for the extensive change of scope of the ACCPAC project as stated in paragraph twenty-four (24) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

20. With respect to the allegation that You and WAC commenced and worked on the payroll conversion from July 2005 through October of 2005 as stated in paragraph twenty-five (25) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

21. With respect to the allegation that Dan's Management introduced numerous changes to the ACCPAC project as stated in paragraph twenty-six (26) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the

facts supporting the allegation;

c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

22. With respect to the allegation that You and WAC completed the payroll conversion by the end of September 2005 as stated in paragraph twenty-seven (27) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

23. With respect to the allegation that in October 2005 payroll hours were being entered at each store electronically and that payroll testing had begun as stated in paragraph twenty-eight (28) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

24. With respect to the allegation that You succeeded in getting the entire payroll functioning using the ACCPAC system as stated in paragraph twenty-nine (29) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

25. With respect to the allegation that on November 16, 2005 You notified Dan's Management that the ACCPAC system was ready for testing as stated in paragraph thirty (30) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic

Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;

c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

26. With respect to the allegation that on November 18, 2005 that Dan's Management notified You that it had hired Purvis Systems to review all of the work completed by You as stated in paragraph thirty-one (31) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

27. With respect to the allegation that Dan's Management informed You and WAC to suspend all activities including the testing of the ACCPAC system as stated in paragraph thirty-two (32) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

28. With respect to the allegation that on November 19, 2005, Dan's Management informed You that it sought to continue to use Your services and assured you that the presence of Purvis Systems was needed as stated in paragraph thirty-three (33) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

29. With respect to the allegation that Purvis Systems does not concentrate in providing business solutions similar to the ACCPAC system as stated in paragraph thirty-five (35) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;

b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;

c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

30. With respect to the allegation that Dan's Management instructed You to transfer all the business solution software to Purvis Systems for an audit as stated in paragraph thirty-six (36) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;

b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;

c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

31. With respect to the allegation that on or about December 6, 2005, You were informed by Purvis Systems that they would be completing the ACCPAC system for Dan's Management as stated in paragraph thirty-nine (39) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;

b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;

c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

32. With respect to the allegation that You and Dan's Management engaged in numerous communications concerning the completion of the ACCPAC systems as stated in paragraph forty (40) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;

b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;

c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

33. With respect to the allegation that on December 27, 2005, Dan's Management informed You that it did not want You to complete the ACCPAC project as stated in paragraph forty-one (41) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

34. With respect to the allegation that You continued to manually update the weekly data for various reports despite a lack of payment up through and including January 10, 2006, as stated in paragraph forty-two (42) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

35. With respect to the allegation that Dan's Management owes Infotrov in excess of $34,000 in connection with the ACCPAC system as stated in paragraph forty-three (43) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

36. With respect to the allegation that Dan's Management promised to assist You in the solicitation of other Dunkin' Donuts franchises for the distribution of the Infotrov Software Solutions as stated in paragraph forty-five (45) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

37. With respect to the allegation that in reliance on Richard Michaud's assurances that such marketing assistance would be provided to You, You reduced the contract price for the Infotrov Software Solutions and provided additional services valued at $250,000 as stated in

paragraph forty-six (46) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.
d) Describe and explain the amount by which You reduced the contract price;
e) Describe and explain the services You provided that are valued at $250,000.

38. With respect to the allegation that You own all of the software and intellectual property developed for Dan's Management in connection with the Infotrov Software Solutions as stated in paragraph forty-seven (47) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

39. With respect to the allegation that Dan's Management intends to market and sell the Infotrov Software Solutions to third parties as stated in paragraph forty-nine (49) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

40. With respect to the allegation that Dan's Management continually failed to provide You with accurate information needed to complete each of the business solution projects and that this was the direct cause of numerous delays in the completion of each project as stated in paragraph fifty (50) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to

the allegations and the facts supporting those allegations.

41. With respect to any damages allegedly sustained by You as a result of any alleged breach of contract by Dan's Management referenced in the Counterclaim:

a) State the dollar amount of all such damages and the methodology used to calculate such amount;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the damages or the calculations of the damages;
c) Describe with specificity how any alleged breach of contract contributed to the damages;
d) State with specificity any and all attempts by You to mitigate or cover the damages.

42. With respect to the allegation that Dan's Management promised to assist in marketing Your services to other Dunkin' Donuts franchises as stated in paragraph fifty-nine (59) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

43. With respect to any alleged damages sustained by You as a result of any alleged failure by Dan's Management to provide marketing assistance to You as referenced in Count II of the Counterclaim:

a) State the dollar amount of all such damages and the methodology used to calculate such amount;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the damages or the calculations of the damages;
c) Describe with specificity how any alleged failure by Dan's Management to provide marketing assistance to You contributed to the damages;
d) State with specificity any and all attempts by You to mitigate or cover the damages.

44. With respect to the allegation that Dan's Management represented to You that it would contract with You to provide Infotrov Software Solutions for its various Dunkin' Donuts shops and would assist in marketing the software to other franchises as stated in paragraph sixty-

four (64) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

45. With respect to any alleged damages sustained by You as a result of any alleged failure by Dan's Management to contract with You or provide marketing assistance to You as referenced in Count III of the Counterclaim:

a) State the dollar amount of all such damages and the methodology used to calculate such amount;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the damages or the calculations of the damages;
c) Describe with specificity how any alleged failure by Dan's Management to contract with You or provide marketing assistance to You contributed to the damages;
d) State with specificity any and all attempts by You to mitigate or cover the damages.

46. With respect to the allegation that Dan's Management breached a duty of good faith and fair dealing owed to You to facilitate the completion of the Infotrov Software Solutions as stated in paragraphs seventy-one (71) and seventy- two (72) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

47. With respect to any alleged damages sustained by You as a result of Dan's Management's alleged breach of a covenant of good faith with You as referenced in Count IV of the Counterclaim:

a) State the dollar amount of all such damages and the methodology used to calculate such amount;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the damages or the

calculations of the damages;

c) Describe with specificity how any alleged failure by Dan's Management to facilitate the completion of the Infotrov Software Solutions contributed to the damages;

d) State with specificity any and all attempts by You to mitigate or cover the damages.

48. With respect to the allegation that Dan's Management breached a duty of good faith and fair dealing owed to You to facilitate the marketing of the Infotrov Software Solutions as stated in paragraph seventy-nine (79) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;

b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;

c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

49. With respect to any alleged damages sustained by You as a result of Dan's Management's alleged breach of a covenant of good faith with You to facilitate the marketing of the Infotrov Software Solutions as referenced in Count V of the Counterclaim:

a) State the dollar amount of all such damages and the methodology used to calculate such amount;

b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the damages or the calculations of the damages;

c) Describe with specificity how any alleged failure by Dan's Management to facilitate the marketing of the Infotrov Software Solutions contributed to the damages;

d) State with specificity any and all attempts by You to mitigate or cover the damages.

50. With respect to the allegation that You conferred valuable services to Dan's Management and that such services were accepted by Dan's Management as stated in paragraph eighty-three (83) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;

b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;

c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

51. With respect to any alleged damages sustained by You as a result of the conferral and acceptance of benefits conferred by you on Dan's Management as referenced in Count VI of the Counterclaim:

a) State the dollar amount of all such damages and the methodology used to calculate such amount;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the damages or the calculations of the damages;
c) Describe with specificity how any alleged conferral and acceptance of benefits contributed to the damages;
d) State with specificity any and all attempts by You to mitigate or cover the damages.

52. With respect to the allegation that Dan's Management was aware that You intended to pursue professional relationships with other Dunkin' Donuts as stated in paragraph eighty-seven (87) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

53. With respect to the allegation that Dan's Management made intentionally false and malicious statements to prospective clients of Your's with the intention of interfering with potential contractual relationships as stated in paragraph eighty-eight (88) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

54. With respect to any alleged damages sustained by You as a result of intentionally false and malicious statements made by Dan's Management to Your prospective clients as referenced in Count VII of the Counterclaim:

a) State the approximate dollar amount of all such damages and the methodology used to calculate such amount;
b) Identify by date, author and description any oral, written, telephonic or electronic

Communication, Correspondence or Document referring to the damages or the calculations of the damages;

c) Describe with specificity how any alleged intentional false and malicious statements made by Dan's Management contributed to the damages;

d) State with specificity any and all attempts by You to mitigate or cover the damages.

55. With respect to the allegation that Dan's Management made false and defamatory statements about You and Your products to other Dunkin' Donuts franchisors and franchisees as stated in paragraph ninety-one (91) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;

b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;

c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

56. With respect to any alleged damages sustained by You as a result of made false and defamatory statements made by Dan's Management to Your prospective clients as referenced in Count VIII of the Counterclaim:

a) State the dollar amount of all such damages and the methodology used to calculate such amount;

b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the damages or the calculations of the damages;

c) Describe with specificity how any alleged false and defamatory statements made by Dan's Management contributed to the damages;

d) State with specificity any and all attempts by You to mitigate or cover the damages.

57. With respect to the allegation that any appropriation, use or distribution of the Infotrov Software Solutions by Dan's Management is a violation of any alleged exclusive ownership rights of Your's as stated in paragraphs ninety-seven (97) and ninety-eight (98) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;

b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;

c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

58. With respect to any alleged damages sustained by You as a result of any appropriation, use or distribution of the Infotrov Software Solutions by Dan's Management as referenced in Count IX of the Counterclaim:

a) State the approximate dollar amount of all such damages and the methodology used to calculate such amount;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the damages or the calculations of the damages;
c) Describe with specificity how any alleged appropriation, use or distribution of the Infotrov Software Solutions by Dan's Management contributed to the damages;
d) State with specificity any and all attempts by You to mitigate or cover the damages.

59. With respect to the allegation that use and distribution by Dan's Management of the Infotrov Software Solutions constitutes copyright infringement of Your alleged Copyright in the Infotrov Software Solutions as stated in paragraph one hundred and three (103) of the Counterclaim:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

60. With respect to any alleged damages sustained by You as a result of any alleged copyright infringement on the Infotrov Software Solutions as referenced in Count X of the Counterclaim:

a) State the approximate dollar amount of all such damages and the methodology used to calculate such amount;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the damages or the calculations of the damages;
c) Describe with specificity how any alleged copyright infringement contributed to the damages;
d) State with specificity any and all attempts by You to mitigate or cover the damages.

61. With respect to the allegation that the so-called Business Intelligence Reporting Views and the FCMS projects were completed between April 2004 and January 2006 as stated in Your letter to Dan's Management dated January 12, 2006:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

62. With respect to the allegation that most of the delays on the ACCPAC project were due to changes requested by Dan's Management as stated in Your letter to Dan's Management dated January 12, 2006:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

63. With respect to the allegation that You put in countless hours of unbilled consulting time as a result of the changes requested by Dan's Management as stated in Your letter to Dan's Management dated January 12, 2006:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

64. With respect to the allegation that You repeatedly warned Dan's Management about the risks of the ACCPAC project and that Dan's Management had assured You that it would not hold You liable for any errors on the ACCPAC project as stated in Your letter to Dan's Management dated January 12, 2006:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

65. With respect to the allegation that Dan's Management put the ACCPAC project on hold on November 18, 2005, and that the project was almost completed at this time as stated

in Your letter to Dan's Management dated January 12, 2006:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

66. With respect to the allegation that Dan's Management found numerous reasons why You should not be permitted to complete the ACCPAC project as stated in Your letter to Dan's Management dated January 12, 2006:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

67. With respect to the allegation that Dan's Management owes You $23,140.56 on the ACCPAC project and an additional $8,325 for system maintenance as stated in Your letter to Dan's Management dated January 12, 2006:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

68. With respect to the allegation that You own all the software and intellectual property that You developed for Dan's Management as stated in Your letter to Dan's Management dated January 12, 2006:

a) Give a full and detailed statement of all the facts supporting the allegation;
b) Identify by date, author and description any oral, written, telephonic or electronic Communication, Correspondence or Document referring to the allegation and the facts supporting the allegation;
c) Identify all persons known or believed by You to have any knowledge relating to the allegations and the facts supporting those allegations.

69. With respect to the so-called "Retail Food Franchise Application" and case study

now or formerly displayed on your web page:

a) Identify when the Retail Food Franchise Application and case study first appeared on Your web page ;
b) Identify and describe Your experience in developing business solutions for quick service restaurants;
c) Identify and describe when You received permission to use the name Dunkin' Donuts and its logo on your web page;
d) Identify and describe all quick serve restaurants that You have provide business solutions for;
e) Identify and describe all franchise clients that you have provided with business solutions;
f) Identify and describe the reasons for removing the case study and references to Dunkin' Donuts on Your web page.

By Its Attorneys,

________________________________

Lawrence P. McCarthy, III (#2860)
Peter E. Garvey (#5330)
HIGGINS, CAVANAGH & COONEY, LLP
The Hay Building
123 Dyer Street
Providence, RI 02903
(Tel) 401-272-3500
(Fax) 401-272-8780

CERTIFICATION

I hereby certify that a true copy of the foregoing Motion has been mailed, postage prepaid, to Matthew T. Oliverio, Esquire and Raymond A. Marcaccio, Esquire, OLIVERIO & MARCACCIO, LLP, 55 Dorrance Street, Providence, RI 02903, on this _________ day of March, 2006.

________________________________

now or formerly displayed on your web page:

a) Identify when the Retail Food Franchise Application and case study first appeared on Your web page ;
b) Identify and describe Your experience in developing business solutions for quick service restaurants;
c) Identify and describe when You received permission to use the name Dunkin' Donuts and its logo on your web page;
d) Identify and describe all quick serve restaurants that You have provide business solutions for;
e) Identify and describe all franchise clients that you have provided with business solutions;
f) Identify and describe the reasons for removing the case study and references to Dunkin' Donuts on Your web page.

By Its Attorneys,

______________________________

Lawrence P. McCarthy, III (#2860)
Peter E. Garvey (#5330)
HIGGINS, CAVANAGH & COONEY, LLP
The Hay Building
123 Dyer Street
Providence, RI 02903
(Tel) 401-272-3500
(Fax) 401-272-8780

CERTIFICATION

I hereby certify that a true copy of the foregoing Motion has been mailed, postage prepaid, to Matthew T. Oliverio, Esquire and Raymond A. Marcaccio, Esquire, OLIVERIO & MARCACCIO, LLP, 55 Dorrance Street, Providence, RI 02903, on this _________ day of ________, 2006.

______________________________