**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

RECEIVED
JUN 07 2006
Property of U.S. District Court
District of Rhode Island

| | | |
|---|---|---|
| **DAN'S MANAGEMENT COMPANY, LLC,** *Plaintiff* | : | |
| **VS.** | : | **CA. NO. 06-59S** |
| **INFOTROV, INC.,** *Defendant* | : | |

**FIRST AMENDED COMPLAINT**

Plaintiff, Dan's Management Company, LLC ("Dan's"), for its Complaint against the Defendant, Infotrove, Inc., ("Infotrove"), states and alleges as follows:

1. Plaintiff Dan's is a Rhode Island limited liability company with its principal place of business at 251 Smith Street, Providence, Rhode Island.

2. Defendant Infotrove is, upon information and belief, a Massachusetts company with its principal place of business at 182 Turnpike Road Suite 260, Westborough, Massachusetts 01581.

3. This Court has original exclusive jurisdiction pursuant to R.I. Gen. Laws 8-2-14, as the amount in controversy exceeds $10,000.

**Background Facts**

4. Dan's is a Providence-based company that provides financial management services to Dunkin' Donuts franchisees with retail shops in the quick service restaurant industry doing business in Rhode Island and nearby Connecticut.

5. Infotrove is in the business of designing, developing and implementing business solutions for clients desirous of managing and retrieving financial data.

6. Infotrove held itself out as experienced in developing business solutions for quick service restaurant organizations.

7. Infotrove entered into an agreement with Dan's pursuant to which Infotrove would design, implement and provide Dan's an accounting and payroll software system pursuant to a proposal which is attached hereto as Tab A (the "Accounting Contract").

8. Infotrove was to provide the foregoing accounting and payroll software system within sixth (60) days of the proposal, to wit, February 5, 2005.

9. Dan's also entered into an agreement with Infotrove pursuant to which Infotrove would provide Dan's with a food cost management system to be integrated into the accounting and payroll software system (the "Inventory Contract").

10. Infotrove failed to provide the accounting and payroll system by the scheduled due date pursuant to the terms of the Accounting Contract.

11. Infotrove failed to provide the food cost management system by the scheduled due date pursuant to the terms of the Inventory Contract.

12. Dan's has paid Infotrove over $150,000 for the foregoing accounting and payroll software system and food cost management system.

13. On or about November 18, 2005, Dan's terminated the Accounting Contract and Inventory Contract as a result of Infotrove's failure to provide Dan's with working systems.

14. After terminating Infotrove Dan's hired an outside company to complete the projects started by Infotrove.

15. When terminating Infotrove, Dan's requested Infotrove to deliver to Dan's the following items to that Dan's could complete the projects:

- All license keys and original software for both server and client platforms.

- All developed applications and/or source codes.
- All hardware.
- All existing electronic documentation.

16. Infotrove has failed to deliver the requested information, and has actively interfered with Dan's ability to procure the software systems originally promised by Infotrove.

17. Infotrove currently is advertising on its Web page that it implemented a working application for Dan's and that Dan's has benefitted from the application that it has developed in an effort to secure business with other Dunkin' Donuts franchisees.

**Count I**

**Breach of Contract - The Accounting Contract**

18. Dan's restates the allegations set forth in paragraphs 1 through 17 of the Complaint as if fully set forth again herein.

19. On or about December 5, 2004, for good and sufficient consideration, Dan's and Infotrove entered into the Accounting Contract pursuant to which Infotrove would provide an accounting and payroll software system to Dan's, a valid and binding contract.

20. Infotrove breached the Accounting Contract by failing to provide the requested software system.

21. At all times prior to Infotrovel's breach of the foregoing contract, Dan's fulfilled all of its obligations pursuant to the Accounting Contract.

22. As a direct and proximate cause of Infotrove's breach of the Accounting Contract, Dan's has been damaged in an amount to be proved at trial.

## Count II

## Breach of Contract - The Inventory Contract

23. Dan's restates the allegations set forth in paragraph 1 through 22 of the Complaint as if fully set forth again herein.

24. On or about April 2004, for good and valuable consideration, Dan's and Infotrove entered into the Inventory Contract, pursuant to which Infotrove would provide a food cost management systems to Dan's, a valid and binding contract.

25. Infotrove has breached the Inventory Contract by failing to provide the requested software system.

26. At all times prior to Infotrove's breach of the foregoing contract, Dan's fulfilled all of its obligations pursuant to the Inventory Contract.

27. As a direct and proximate cause of Infotrove's breach, Dan's has been damaged in an amount to be proven at trial.

## Count III

## Breach of The Duty of Good Faith and Fair Dealing

28. Dan's restates the allegations set forth in paragraph 1 through 27 of the Complaint as set forth again herein.

29. Infotrove breached its duty of good faith and fair dealing by any or all of the following: (a) misrepresenting its abilities to provide the services and software systems requested by Dan's; (b) failing to deliver to Dan's information and property acquired by Dan's and paid for by Dan's; or (c) intentionally interfering with Dan's ability to procure a working system from another vendor.

30. As a direct and proximate cause of Infotrove's breach of its duty of good faith and

fair dealing, Dan's has been damaged in an amount to be proved at trial.

**Count IV**

**Injunctive Relief**

31. Dan's restates the allegations set forth in paragraphs 1 through 30 of the Complaint as set forth again herein.

32. Dan's has repeatedly requested information, documents and products produced by Infotrove for Dan's pursuant to the contracts between the parties.

33. Infotrove has failed to deliver to Dan's the requested items.

34. Dan's is unable to procure the software systems it originally contracted to receive from Infotrove from another vendor without the foregoing information, documents and products.

35. The information, documents and products requested by Dan's from Infotrove are property of Dan's being wrongfully withheld by Infotrove.

36. Dan's has no adequate remedy at law and is entitled to injunctive relief.

**Count V**

**Conversion**

37. Dan's restates the allegations set forth in paragraphs 1 through 36 of the Complaint as set forth again herein.

38. Infotrove has wrongfully converted information, documents and products owned by Dan's.

**Count VI**

**Breach of Implied Warranties of Merchantability**

39. Dan's restates the allegations set forth in paragraphs 1 through 38 of the Complaint as set forth again herein.

40. At all times material to this action Infotrov held itself out as a merchant in computer software systems, and as such, Infotrov impliedly warranted that the goods it sold to Dan's were fit for their ordinary purpose.

41. Infotrov breached the implied warranties of merchantability under the Accounting and Inventory Contracts when it provided software systems that were not fit for their ordinary purpose.

42. As a direct and proximate result of Infotrov's breach of the implied warranties of merchantability, Dan's has been damaged in an amount to be determined at trial.

## Count VII

## Breach of Implied Warranties of Fitness for Particular Purpose

43. Dan's restates the allegations set forth in paragraphs 1 through 42 of the Complaint as set forth again herein.

44. Infotrov had reason to know that Dan's was relying on the defendant's skill and judgment to furnish Dan's with computer software systems that would adequately handle its inventory and accounting needs, thus creating implied warranties for particular purpose in the goods Infotrov furnished to Dan's.

45. Infotrov breached the implied warranties of fitness for particular purpose under the Accounting and Inventory Contracts when it provided software systems that did not satisfy the particular purposes for which Dan's relied on Infotrov to provide.

46. As a direct and proximate result of Infotrov's breach of the implied warranties of fitness for particular purpose, Dan's has been damaged in an amount to be determined at trial.

Wherefore, plaintiff, Dan's Management Company, LLC, prays for an order and judgment of this court, awarding it damages in an amount to be established at trial, awarding its

costs and disbursements herein, awarding its attorneys fees, and directing Infotrove to deliver to Dan's the requested information, documents and products in possession of Infotrove, and restraining Infotrove from disseminating proprietary information belonging to Dan's to prospective customers.

**Demand for Jury Trial**

Dan's Management Company, LLC, hereby demands a trial by jury with regard to all issues so triable.

Dan's Management Company, LLC
By its Attorneys,
HIGGINS, CAVANAGH & COONEY, LLP

Lawrence P. McCarthy (#2860)
Peter E. Garvey (#5330)
123 Dyer Street
Providence, RI 02903
(401) 272-3500

Dated: 6/7/06

CERTIFICATION

I hereby certify that a true copy of the foregoing Amended Complaint has been mailed, postage prepaid, to Matthew T. Oliverio, Esquire and Raymond A. Marcaccio, Esquire, OLIVERIO & MARCACCIO, LLP, 55 Dorrance Street, Providence, RI 02903, on this 7th day of June, 2006.